UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE CUZICK,<br><br>        Plaintiff,<br><br>    v.<br><br>ZODIAC U.S. SEAT SHELLS, LLC,<br><br>        Defendant. | Case No. 16-cv-03793-HSG<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**<br><br>Re: Dkt. Nos. 39, 44 |

Pending before the Court is the unopposed motion for preliminary approval of class action settlement filed by Plaintiff Kyle Cuzick, individually and on behalf of the settlement class as defined herein. Dkt. No. 39. Plaintiff filed suit against Defendant Zodiac U.S. Seat Shells, LLC, for multiple wage and hour violations under California law. The parties have reached a settlement regarding Plaintiff's claims and now seek the required court approval. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for preliminary approval of class action settlement.

**I.  BACKGROUND**

    **A.  Factual Background**

On May 25, 2016, Plaintiff filed this action against Defendant in Alameda Superior Court, alleging that its pay, meal, and rest break practices violated the California Labor Code, California Unfair Competition Law, and the Fair Labor Standards Act ("FLSA"). Plaintiff then filed the operative First Amended Complaint on June 22, 2016. *See* Dkt. No. 1-4 ("FAC"). Plaintiff asserts eight causes of action: (1) failure to provide meal periods, Cal. Lab. Code §§ 204, 223, 226.7, 512, 1198; (2) failure to provide rest breaks, *id.* §§ 204, 223, 226.7, 1198; (3) failure to pay hourly and overtime wages, *id.* §§ 223, 510, 1194, 1197, 1198; (4) failure to provide accurate written wage statements, *id.* § 226; (5) failure to timely pay all final wages, *id.* §§ 201–203;

(6) unfair and unlawful business practices, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (7) failure to compensate for all hours worked, 29 U.S.C. §§ 201 *et seq.*; and (8) statutory penalties under the Private Attorneys General Act ("PAGA"), *id.* §§ 2698 *et seq.* FAC ¶¶ 20–134.

Plaintiff worked for Defendant in an hourly wage position as a non-exempt employee from approximately November 2015 to March 2016. *Id.* ¶ 5. During this time, Plaintiff alleges that Defendant had a policy of requiring its employees to return to their work stations on or before the thirtieth minute of their 30-minute meal break and on or before the tenth minute of their 10-minute rest period. *Id.* ¶¶ 28, 46. Moreover, Plaintiff states that Defendant would deduct meal break and rest periods from his and other non-exempt employees' timecards, regardless of whether Defendant actually provided them. *Id.* ¶¶ 32, 64–65. On the basis of these facts, Plaintiff seeks compensatory damages, statutory penalties, restitution, attorneys' fees and costs, as well as whatever relief "the Court deems just and proper." *See id.* at 21 ("Prayer for Relief").

### B. Settlement Agreement

Following extensive formal discovery and with the assistance of a private mediator, the parties entered into a settlement agreement. Dkt. No. 39-2 ("SA"). The key terms are as follows:

<u>Class Definition</u>: All individuals who were employed at any time by Defendant in California as non-exempt employees between May 25, 2012, and the date of this order. *Id.* §§ 1.16–1.17. The parties have represented that there are approximately 1,168 individuals who fall within the class period. Dkt. No. 39-2 ¶ 35.

<u>Monetary Relief</u>: Defendant will establish a gross settlement fund consisting of $952,000. SA §§ 1.7. The parties have estimated that individual class members' gross recovery, before deductions for taxes, fees, and other costs, will be approximately $800. Dkt. No. 39-2 ¶ 16. The parties propose that civil penalties of $10,000 will be paid to the California Labor and Workforce Development Agency ("LWDA") as penalties related to Plaintiff's PAGA claim. SA §§ 7.3, 10.5; *see also* Cal. Lab. Code § 2699(i) (providing that penalties under PAGA are split 75% to LWDA and 25% to aggrieved employees). The gross settlement fund accordingly includes Court-approved attorneys' fees and costs, settlement administration fees, the LWDA payment, and any additional incentive award to Plaintiff as class representative. *Id.* §§ 10.4–10.7. The cash

2

payments to the class will be based on the individual class members' gross wages during the relevant class period. *Id.* § 10.3.

<u>Release</u>: The class will release Defendant from all claims against Defendant from May 25, 2012, to the date of this order, that are based on the same operative facts as those in the complaint, including claims for the seven wage and hour causes of action stated in the complaint. SA § 7.1.

<u>Class Notice</u>: A third-party settlement administrator will send class notices via first-class U.S. mail to each member of the class, using the most current known address. SA §§ 8.2, 10.7. The notice will include the nature of the action; a summary of the settlement terms; instructions on how to object to and opt out of the settlement, including relevant deadlines; and the released claims. *Id.* § 8.1; *see also* Dkt. No. 39-2, Exs. 1–2.

<u>Opt-Out Procedure</u>: The parties propose that any putative class member who does not wish to participate in the settlement must sign and postmark a written request for exclusion to the settlement administrator within 60 days from the mailing of the class notice. SA §§ 8.4–8.5; *see also* Dkt. No. 44 at 1 (revising notice period from 30 days to 60 days).

<u>Incentive Award</u>: Plaintiff will file a motion for a $10,000 incentive award, subject to court approval, following this Order. SA §§ 10.4, 13.1. Plaintiff's counsel states that Plaintiff "was actively involved in the litigation and settlement negotiations" and "contributed more than 50 hours of his time to the prosecution of this matter." Dkt. No. 39-2 ¶ 32. Defendant does not oppose this request. SA § 10.4.

<u>Attorneys' Fees and Costs</u>: Plaintiff will file an application for attorneys' fees not to exceed 33.33% of the gross settlement amount and for costs not to exceed $10,0000. SA § 10.6. Defendant does not oppose this request. *Id.* ¶ 2.

## II. PROVISIONAL CLASS CERTIFICATION

The Court first considers whether provisional class certification is appropriate because it is a prerequisite to preliminary approval of a class action settlement.

### A. Legal Standard

Plaintiff bears the burden of showing by a preponderance of the evidence that class certification is appropriate under Federal Rule of Civil Procedure 23. *Wal-Mart Stores, Inc. v.*

3

*Dukes*, 564 U.S. 338, 351 (2011). Class certification is a two-step process. First, a plaintiff must establish that each of the four requirements of Rule 23(a) is met: numerosity, commonality, typicality, and adequacy of representation. *Id.* Second, he must establish that at least one of the bases for certification under Rule 23(b) is met. Where, as here, a plaintiff seeks to certify a class under Rule 23(b)(3), he must show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### B. Analysis

To determine whether provisional certification is appropriate, the Court considers whether the requirements of Rule 23(a) and Rule 23(b)(3) have been met. As discussed in more detail below, the Court finds that both have been met in this case.

#### i. Rule 23(a) Certification

##### a. Numerosity

Rule 23(a)(1) requires that the putative class be "so numerous that joinder of all members is impracticable." The Court finds that numerosity is satisfied here because joinder of the estimated 1,168 class members would be impracticable. *See* Dkt. No. 39-2 ¶ 35.

##### b. Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." A contention is sufficiently common where "it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S at 350. Commonality exists where "the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class." *Parra v. Bashas', Inc.*, 536 F.3d 975, 978–79 (9th Cir. 2008). "What matters to class certification . . . is not the raising of common 'questions' ― even in droves — but rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Dukes*, 564 U.S at 350. Even a single common question is sufficient to meet this requirement. *Id.* at 359.

4

Common questions of law and fact in this action include whether Defendant's policies required employees to work off the clock, deprived employees of required meal breaks and rest periods, and rendered employees' wage statements inaccurate. *See* FAC ¶¶ 28–32, 44–46, 64–69, 73–87. Plaintiff's complaint asserts that Defendant "maintained" these policies for example, using bells to signal the beginning and end of meal breaks. *See, e.g.*, *id.* ¶¶ 28–29. Defendant also used a bell to signal five minutes before the end of the meal period to notify employees to return to their work stations. *Id.* Accordingly, the Court finds that the commonality requirement is met in this case.

### c. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quotation omitted). That said, under the "permissive standards" of Rule 23(a)(3), the claims "need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (quotation omitted).

Plaintiff's claims are both factually and legally similar to those of the putative class because Defendant allegedly failed to provide both Plaintiff and all class members the requisite meal breaks and rest periods. FAC ¶¶ 28–32, 44–46, 64–69, 73–87. Plaintiff has not alleged any individual claims. This is sufficient to satisfy the typicality requirement.

### d. Adequacy of Representation

Rule 23(a)(4) requires that the "representative parties will fairly and adequately represent the interests of the class." The Court must address two legal questions: (1) whether the named Plaintiff and his counsel have any conflicts of interest with other class members and (2) whether the named Plaintiff and his counsel will prosecute the action vigorously on behalf of the class. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000). This inquiry "tend[s] to merge" with the commonality and typicality criteria. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 n.13 (1982). In part, these requirements determine whether "the named plaintiff's claim

and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.*

The Court is unaware of any actual conflicts of interest in this matter and no evidence in the record suggests that either Plaintiff or proposed class counsel have a conflict with other class members. Plaintiff's counsel has been appointed class counsel in numerous federal and state class actions. Dkt. No. 39-2 ¶ 23; Dkt. No. 39-3 ¶ 6. The Court finds that proposed class counsel and Plaintiff have prosecuted this action vigorously on behalf of the class to date, and will continue to do so. The adequacy of representation requirement, therefore, is satisfied.

### ii. Rule 23(b)(3) Certification

To certify a class, Plaintiff must also satisfy the two requirements of Rule 23(b)(3). First, "questions of law or fact common to class members [must] predominate over any questions affecting only individual members." And second, "a class action [must be] superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court finds that both are met in this case.

#### a. Predominance

"The predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Tyson Foods, Inc. v. Bouaphakeo*, — U.S. —, 136 S. Ct. 1036, 1045 (2016) (quotation omitted). The Supreme Court has defined an individual question as "one where members of a proposed class will need to present evidence that varies from member to member . . . ." *Id.* A common question, on the other hand, "is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof." *Id.*

Here, the Court finds for purposes of settlement that the common questions raised by Plaintiff's claims predominate over questions affecting only individual members of the proposed class. Plaintiff alleges that Defendant, through its "practices and policies," required employees to work off the clock, deprived them of required meal breaks and rest periods, and failed to provide accurate wage statements. *See* FAC ¶¶ 28–32, 44–46, 64–69, 73–87. Because according to Plaintiff's allegations, Defendant's wage and hour policies were uniform and violated California

6

law and the FLSA, the Court finds the predominance requirement is satisfied for purposes of provisional class certification.

### b. Superiority

The superiority requirement tests whether "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court considers four non-exclusive factors: (1) the interest of each class member in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against the class; (3) the desirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. *Id.*

Here, because common legal and factual questions predominate over individual ones, and taking into account the large size of the proposed class, the Court finds that the judicial economy achieved through common adjudication renders a class action a superior method for adjudicating the claims of the proposed class.

### iii. Class Representative and Class Counsel

Because the Court finds that Plaintiff meets the commonality, typicality, and adequacy requirements of Rule 23(a), the Court appoints him as class representative. When a court certifies a class, it must also appoint class counsel. Fed. R. Civ. P. 23(c)(1)(B). Factors that courts should consider when making that decision include:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). In light of Plaintiff's counsel's extensive experience litigating class actions in federal court, Dkt. No. 39-2 ¶ 2; Dkt. No. 39-3 ¶ 6, and their diligence in prosecuting this action to date, the Court appoints Setareh Law LLP as class counsel.

///

///

7

## III. PRELIMINARY SETTLEMENT APPROVAL

### A. Legal Standard

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled . . . only with the court's approval." "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). Accordingly, before a district court approves a class action settlement, it must conclude that the settlement is "fundamentally fair, adequate and reasonable." *In re Heritage Bond Litig.*, 546 F.3d 667, 674–75 (9th Cir. 2008).

Where the parties reach a class action settlement prior to class certification, district courts apply "a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012) (quotation omitted). In those situations, courts "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).

Courts may preliminarily approve a settlement and direct notice to the class if the proposed settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not grant improper preferential treatment to class representatives or other segments of the class; and (4) falls within the range of possible approval. *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). Courts lack the authority, however, to "delete, modify or substitute certain provisions. The settlement must stand or fall in its entirety." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

### B. Analysis

#### i. Settlement Process

The first factor the Court considers is the means by which the parties settled the action. "An initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, No. 08-cv-5198, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011).

Here, class counsel believes based on significant formal discovery, that the settlement is fair, adequate, and reasonable. Dkt. No. 39-2 ¶¶ 14–19. The Court consequently finds that this factor weighs in favor of preliminary approval.

### ii. Preferential Treatment

The Court next considers whether the settlement agreement provides preferential treatment to any class member. The Ninth Circuit has instructed that district courts must be "particularly vigilant" for signs that counsel have allowed the "self-interests" of "certain class members to infect negotiations." *In re Bluetooth.*, 654 F.3d at 947. For that reason, courts in this district have consistently stated that preliminary approval of a class action settlement is inappropriate where the proposed agreement "improperly grants preferential treatment to class representatives." *Tableware*, 484 F. Supp. 2d at 1079.

Although the Settlement Agreement authorizes Plaintiff to seek an incentive award up to $10,000 for his role as named plaintiff in this lawsuit, *see* SA § 10.4, the Court will ultimately determine whether he is entitled to such an award and the reasonableness of the amount requested. Incentive awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009). Plaintiff must provide sufficient evidence to allow the Court to "evaluate [the named plaintiff's] award[ ] individually, using relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation . . . ." *Stanton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). The Court notes that the conclusory reasons that Plaintiff has proffered thus far, *see* Dkt. No. 39-2 ¶ 32; Dkt. No. 39-4 ¶¶ 6–14, do not sufficiently justify an award so substantially greater than the settlement value of the other class members' award. The Court will consider the evidence presented at the final fairness hearing and evaluate the reasonableness of any incentive award request. Nevertheless, because incentive awards are not per se unreasonable, the Court finds that this factor still weighs in favor of preliminary approval. *See Rodriguez*, 563 F.3d at 958 (finding that "[i]ncentive awards are fairly typical in class action cases" and "are

discretionary" (emphasis omitted)).

### iii. Settlement within Range of Possible Approval

The third factor that the Court considers is whether the settlement is within the range of possible approval. "To evaluate whether the settlement amount, "courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007). This requires the Court to evaluate the strength of Plaintiff's case. The Class Action Fairness Act ("CAFA") allows courts to approve coupon settlements "only after a hearing to determine whether, and making a written finding that, the settlement is fair, reasonable, and adequate for class members." 28 U.S.C. § 1712(e).

Here, individual class members' gross recovery is approximately $800, before any Court-approved attorneys' fees and costs, settlement administration fees, the LWDA payment, and any additional payment to Plaintiff as class representative. Dkt. No. 39-2 ¶ 16. Plaintiff's counsel estimates that the value of the claims asserted in this case range from $850,000 to $1,050,000. *See* Dkt. No. 39-2 ¶ 18. This range accounts for the substantial risk Plaintiff acknowledges he would face litigating the case given the individualized nature of the asserted claims. Plaintiff acknowledges, for example, that Defendant has already produced "survey results from hundreds of class members" that it could use effectively to defeat class certification. *See id.* ¶¶ 15, 18. The Court finds that this risk weighs in favor of granting preliminary approval.

### iv. Obvious Deficiencies

The fourth and final factor that the Court considers is whether there are obvious deficiencies in the settlement agreement. The Court finds no obvious deficiencies, and therefore finds that this factor weighs in favor of preliminary approval.

\*     \*     \*

Having weighed the relevant factors, the Court finds that the settlement agreement is fair, reasonable, and adequate, and **GRANTS** preliminary approval.

## IV. PROPOSED CLASS NOTICE PLAN

For Rule 23(b)(3) class actions, "the court must direct notice to the class members the best notice that is practicable under the circumstances, including individual notice to all members who

can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

With respect to the content of the notice itself, the notice must clearly and concisely state in plain, easily understood language:

    (i)     the nature of the action;
    (ii)    the definition of the class certified;
    (iii)   the class claims, issues, or defenses;
    (iv)   that a class member may enter an appearance through an attorney if the member so desires;
    (v)    that the court will exclude from the class any member who requests exclusion;
    (vi)   the time and manner for requesting exclusion; and
    (vii)  the binding effect of a class judgment on members[.]

Fed. R. Civ. P. 23(c)(2)(B).

At the hearing held on October 5, 2017, the Court directed the parties to confer regarding modifications to the proposed process for administration of the Notice. The parties conferred, and Plaintiff submitted a supplemental brief that addressed the resolution of concerns identified by the Court, including extending then notice period to 60 days and adding skip tracing to send notice packets. *See* Dkt. No. 44.

The parties have agreed that a third-party settlement administrator will send class notice via first-class U.S. mail to each absent class member at their last known address, as provided by Defendant and updated by the administrator as appropriate. SA §§ 8.1–8.2; *see also* Dkt. No. 39-2, Exs. 1–2. Any notice packets returned as undeliverable will be sent to any updated address provided with the returned mail. *Id.* § 8.2. Moreover, the administrator will conduct "skip tracing" to identify current addresses for returned notice packages. *See* Dkt. No. 44 at 1.

The parties have attached a copy of their proposed class notices to the settlement agreement. Dkt. No. 39-2, Exs. 1–2. In addition to describing the information required by Federal Rule of Civil Procedure 23, the notice also informs class members that class counsel "will request the Court to authorize payment of their attorneys' fees of up to one-third of the total Settlement Fund, or $317,333.33, and costs of up to $10,000." Dkt. No. 39-2, Ex. 1 at 2. It also provides that Plaintiff "will request that the Court award a class representative enhancement payment to Plaintiff in the amount of $10,000." *Id.* at 3.

11

To enable class members to review class counsel's motion, class counsel shall also include language in the settlement notices: (1) indicating the deadline for filing the attorneys' fees motion and request for Plaintiff's incentive award; (2) specifically stating the deadline for any class member objections to these motions; and (3) informing class members that the motion and supporting materials will be available for viewing on class counsel's website. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993–94 (9th Cir. 2010) (holding that under Rule 23(h), class members must be given a full and fair opportunity to examine and object to attorneys' fees motion). That motion shall be filed with the Court and posted on class counsel's website not later than 20 days before class members' objections are due. With those changes, the Court finds that this is the best practicable form of notice under the circumstances.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for preliminary approval of class action settlement. The parties are **DIRECTED** to meet and confer and stipulate to a schedule of dates for each event listed below, which shall be submitted to the Court along with a proposed order within seven days of the date of this Order:

| Event | Date |
|---|---|
| Deadline for Settlement Administrator to mail notice to all putative class members | |
| Filing Deadline for attorneys' fees and costs motion | |
| Filing deadline for incentive payment motion | |
| Deadline for class members to opt-out or object to settlement and/or application for attorneys' fees and costs and incentive payment | |
| Filing deadline for final approval motion | |
| Final fairness hearing and hearing on motions | |

///
///
///
///
///

12

The parties are further **DIRECTED** to implement the proposed class notice plan with the edits identified above.

**IT IS SO ORDERED.**

Dated: 10/11/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge